-FILED-

United States District Court
Northern District of Indiana
Hammond Division

NOV 1 3 2013

At_____M
ROBERT N. TRGOVICH, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

Pamela Keuhl,
Plaintiff(s)

vs.

St. Mary Medical,
Defendant(s)

Case No: 2 13CV 404

## EMPLOYMENT DISCRIMINATION COMPLAINT

Plaintiff brings a complaint against defendant St. Mary Medical for discrimination as set forth below.

Plaintiff ✓ DOES \_\_\_\_ DOES NOT (*indicate which*) demand a jury trial.

### I. PARTIES

Plaintiff's Name: Pamela Keuhl

Plaintiff's Address: 816 B 8th Place SW
Demotte, IN. 46310

Plaintiff's Telephone: 219-863-7863

Defendant's Name: St. Mary Medical

Defendant's Address: 1500 S. Lake Park Ave.
Hobart, IN. 46342

## II. BASIS OF CLAIM AND JURISDICTION

1. This complaint is brought pursuant to: (Check one)

   ____ Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e-5), and jurisdiction is based on 28 U.S.C. §§1331 and 1343(a);

   ____ The Age Discrimination in Employment Act (29 U.S.C. §621), and jurisdiction is based on 28 U.S.C. §§1331 and 1343(a);

   ✓ The Americans with Disabilities Act (42 U.S.C. §12101), and jurisdiction is based on 28 U.S.C. §§1331 and 1343(a);

   ____ The Rehabilitation Act (29 U.S.C. §701, *et seq.*), and jurisdiction is based on 28 U.S.C. §§1331 and 1343(a);

   ____ Equal rights under law (42 U.S.C. §1981), and jurisdiction is based on 28 U.S.C. §§1331 and 1343(a);

   ____ Other (list): _____

2. Plaintiff ✓ DID ____ DID NOT (indicate which) file a charge of discrimination with the Equal Employment Opportunity Commission or the Indiana Civil Rights Commission. **[If the plaintiff did file a charge of discrimination, Plaintiff should attach a copy of the charge to the complaint].**

3. Plaintiff's Right to Sue Notice from the Equal Employment Opportunity Commission or the Indiana Civil Rights Commission was RECEIVED on or about __8-15-13__ (insert date the plaintiff received the notice – in most instances this will not be the same date stamped on the notice). **[Plaintiff should attach a copy of the Notice of Right to Sue to this Complaint].**

## III. STATEMENT OF LEGAL CLAIM

Plaintiff is entitled to relief in this action because (if more space is needed, attach additional pages): The employer, St. Mary Medical, did not offer or provide reasonable accomodation and discriminated against my disability.

## III. FACTS IN SUPPORT OF COMPLAINT

The facts on which this complaint is based are the following (if you need additional space, please attach additional pages): The specialist and physicians letters of disability, the applications and letters of request to adequate positions within the facility to work.

## IV. PRAYER FOR RELIEF

Based on the foregoing, plaintiff seeks the following relief: Backpay, medical bills and compensation, job placement, hardship relief, compensation for finances, apology letter,...

## VI. AFFIRMATION OF PLAINTIFF

I, Pamela Reuhl, the plaintiff in the aforementioned cause, do affirm that I have read all of the statements contained in the complaint and those which are attached in the accompanying financial statement. I believe them to be, to the best of my personal knowledge, true and correct.

Further, I do understand that this complaint and this affidavit will become and official part of the United States District Court files and that ANY FALSE STATEMENTS knowingly made by me are illegal and may subject me to criminal penalties.

(Signature of Plaintiff)

11-13-13
(Date)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: **Pamela Reuhl**
**816B 8th Place SW**
**Demotte, IN 46310**

From: **Indianapolis District Office**
**101 West Ohio St**
**Suite 1900**
**Indianapolis, IN 46204**

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2013-00081 | Lolita D. Davis, Enforcement Supervisor | (317) 226-6380 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_signature: Lolita Davis_

**Webster N. Smith,**
**Director**

AUG 1 5 2013
*(Date Mailed)*

Enclosures(s)

cc: **St. Mary Medical Center**
**c/o James Daugherty**
**Law Offices of James Daugherty**
**8029 Cleveland Place**
**Merrillville, IN 46410**

INFORMATION RELATED TO FILING SUIT
UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS   --   **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS   --   **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION   --   **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Indianapolis District Office

101 West Ohio Street, Suite 1900
Indianapolis, IN 46204-4203
(317) 226-7212
TTY (317) 226-5162
FAX (317) 226-7953 & 5571

AUG 1 5 2013

Pamela Reuhl
816B 8th Place SW
Demotte, IN 46310

RE:   Pamela Reuhl v. St. Mary Medical
      Charge Number 470-2013-00081

Dear Ms. Reuhl:

The Equal Employment Opportunity Commission (EEOC) is a neutral civil rights law enforcement agency. Our responsibility is to process the charges filed with us in a fair and objective manner to determine whether the laws we enforce have been violated. We have received a response from the Respondent addressing the allegations you raised in your charge of discrimination.

The Respondent stated that on May 10, 2012, it granted you an extended medical leave of absence at your request after you were injured at work. The Respondent stated that during this period you received short-term disability benefits. The Respondent stated that on July 6, 2012, your physician, Dr. McComis, released you to return to work with restrictions of no bending, twisting, squatting, kneeling, or climbing, and no lifting over 10 pounds. The Respondent stated that under these restrictions, you were unable to perform the essential functions of your position, PCA, which was a direct patient care position. The Respondent stated that on July 23, 2012, your chiropractor, Dr. Markley, submitted a 50 pound lifting restriction for you, which also would not allow you to perform the patient care duties of your position. The Respondent stated that on October 16, 2012, Dr. McComis released you to return to work without restrictions. The Respondent stated that following your release, it identified three vacant PCA positions which offered comparable hours and identical benefits to your original PCA position. The Respondent stated that you declined each of these positions and instead stated that you desired a Registration Representative position which would not be available until February 2013. The Respondent stated that you then identified that you were not interested in this position either because it was not a union position. The Respondent stated that after October 23, 2012, you failed to respond to its contact attempts to discuss possible positions with you, and that as a result it terminated your employment effective November 6, 2012.

We have carefully reviewed the information that you provided, as well as the information provided by the Respondent. After careful consideration of all the facts, we have determined it is unlikely that further investigation will result in a finding of a violation of the laws that the Commission is charged to enforce.

I have enclosed a Dismissal and Notice of Rights with this correspondence. This document will enable you to file a lawsuit against the Respondent if you so desire. Your lawsuit must be filed within 90 days of the receipt of this letter otherwise your right to sue will be lost.

Sincerely,

Lolita Davis
Enforcement Supervisor

Enclosure: EEOC Form 161, *Dismissal and Notice of Rights*