```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF INDIANA
                     HAMMOND DIVISION
```

```
PAMELA REUHL                    )
                                )
Plaintiff,                      )
                                )
                                )    NO. 2:13-CV-404
VS.                             )
                                )
ST. MARY MEDICAL                )
                                )
Defendant.                      )
```

### ORDER

This matter is before the Court on the Defendant's Motion to Dismiss Pursuant to FRCP 12(b)(6), (DE# 11) filed on January 20, 2014.  For the reasons set forth below, the Motion is **GRANTED**.  The Clerk is **ORDERED** to **DISMISS WITHOUT PREJUDICE** Plaintiff's claims against Defendant St. Mary Medical.  The Clerk is **FURTHER ORDERED** to close this case.

BACKGROUND

On November 13, 2013, Pamela Reuhl ("Reuhl") filed an employment discrimination complaint against St. Mary Medical ("St. Mary"), alleging she was discriminated against based on her disability, in violation of the Americans with Disabilities Act, 42 U.S.C. section 12101 et seq.  In response, St. Mary filed the instant motion to dismiss, arguing that Ruehl's complaint is void of any necessary

1

factual details to state a claim for which relief can be granted. Reuhl did not file a response.

DISCUSSION

Facts

Ruehl filed her complaint on a pre-printed "Employment Discrimination Complaint" obtained from the clerk's office.  In the section entitled, "Statement of Legal Claim," Reuhl only sets out that St. Mary "did not offer or provide reasonable accommodation and discriminated against my disability."  (Cmplt, pg 2).  Then, in the section entitled, "Facts in Support of Complaint," Ruehl simply provides that "[t]he specialist and physicians letters of disability, the applications and letters of request to adequate positions within the facility to work." (Cmplt, p. 3).  The only document that Reuhl attached to her complaint was the Equal Employment Opportunity Commission's dismissal of her charge and an accompanying letter denying her discrimination charge. (Cmplt, pp. 4-7). Aside from the issue of admissibility, the background facts of this case can be gleaned from the attached EEOC letter.[1]

---

[1] The letter states that Reuhl was granted an extended medical leave of absence at Reuhl's request after she suffered an unspecified injury on May 10, 2012.  Comp., pg. 6.  During the leave of absence, Reuhl received short-term disability benefits.  Comp., pg. 6.  On July 6, 2012, Reuhl's physician released her to return to work with "restrictions of no bending, twisting, squatting, kneeling, or climbing, and no lifting over 10 pounds."  Comp., pg. 6.  St. Mary's position was that with these restrictions, Reuhl was unable to perform the essential functions of her position, which is described as "PCA," which is described as a "patient care position."  Comp., pg. 6.  On July 23, 2012, Reuhl's chiropractor lifted her lifting restriction to 50 pounds, which was still not

Standard of Review

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002).  In order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High Sch.*, 144 F.3d 448, 454-55 (7th Cir. 1998).  A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court."  *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955 (2007)).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the

---

enough to perform the essential functions of her job.  Comp., pg. 6.  Finally, on October 16, 2012, Reuhl was released to work without restriction.  Comp., pg. 6.
    St. Mary reported that upon Reuhl's return, St. Mary identified three PCA positions available that had similar hours and benefits to her original position.  Comp., pg. 6.  However, St. Mary stated that Reuhl was not interested in these positions, and instead desired a Registration Representative position, which was not available until February, 2013.  Comp., pg. 6.  St. Mary stated that Reuhl then said that she was not interested in that position because it was not a union position.  Comp., pg. 6.  St. Mary stated that after October 23, 2012, Reuhl failed to respond to its requests to discuss potential jobs with her, and terminated her employment on November 6, 2012.  Comp., pg. 6.

complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)(quotation marks, ellipsis, citations, and footnote omitted).

> While, for most types of cases, the Federal rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he based his claim, Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegations in the complaint, it is hard to see how a claimant could satisfy the requirement of providing to only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id*. at n. 3 (citation omitted). Nevertheless, a document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001). However, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Cor. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)(citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)(quotation marks omitted)).

<u>Americans with Disabilities Act</u>

The Americans with Disabilities Act ("ADA") provides that an employer shall not "discriminate against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). A "qualified individual with a disability" is defined as "an individual with a

disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). The ADA further defines "disabled" as someone who:

>   (a) Has a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
>
>   (b) has a record of such impairment; or
>
>   (c) is regarded as having such an impairment.

42 U.S.C. § 12102(2). An ADA plaintiff must adequately allege (1) she is disabled; (2) she is able to perform the essential functions of the job either with or without reasonable accommodation; and (3) she suffered an adverse employment action because of her disability. *Povey v. City of Jeffersonville, Ind.,* 697 F.3d 619, 622 (7th Cir. 2012)(citation omitted).

St. Mary takes issue with Reuhl's bare allegation that "the employer, St. Mary Medical, did not offer or provide reasonable accommodation and discriminated against my disability" (sic). (Cmplt, p. 2). St. Mary argues that Reuhl makes conclusory allegations regarding the terms "disability," "reasonable accommodation," and "discriminated," which are each insufficient to state a claim. Each of these arguments will be addressed in turn.

5

"Disability"

St. Mary first argues that Reuhl's mere use of the term "my disability" is not sufficient to allege that she is disabled, as that term is defined by the ADA, because ti is "conclusory" and "merely recit[ing] the statutory language." The Seventh Circuit has found that "merely having a physical injury or a medical condition is not enough" for a person to be considered disabled for an ADA claim. *Powers v. USF Holland, Inc.*, 667 F.3d 815, 819 (7th Cir. 2011). Indeed, a plaintiff, such as Reuhl, must do more than merely label herself as disabled. *EEOC v. Super Value Inc.*, 674 F.Supp.2d 1007, 1011 (N.D. Ill. 2009). She must allege facts that allow this Court to infer she was a qualified individual with a disability. Reuhl has not done this. As a result, her allegations are deficient.[2]

"Accommodation"

St. Mary's second complaint is that Reuhl's use of the word "accommodation" is also insufficient to adequately allege an ADA

---

[2] Even looking to the attached EEOC letter provides no help to Ruehl. Apparently, Reuhl suffered an unnamed injury at work on May 10, 2012, and was released by her doctor on October 16, 2012, with no limitations. (Cmplt p. 6). She was not terminated until November 6, 2012. (Cmplt p. 6). Reuhl makes no argument in support of her being found to have a disability under any of the three prongs under 42 U.S.C. § 12102(2). While *pro se* complaints are to be liberally construed, *Twombly* holds that "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly, 550 U.S.* at 1965. There is nothing that Reuhl alleges that would allow this Court to conclude that she was disabled within the meaning of the ADA at the time St. Mary terminated her. The facts included actually indicate the opposite, because Reuhl was released to work without restriction on October 16, 2012. (Cmplt p. 6). Thus, if anything, the EEOC letter would hurt, not help Ruehl's cause.

claim. One of the three claims that a plaintiff can make under the ADA is that the employer did not provide the plaintiff with a reasonable accommodation. *Powers*, 667 F.3d at 825. St. Mary argues that Reuhl's complaint did "not assert if or the reason why an accommodation was needed." It is true that Reuhl does not provide any allegations of St. Mary failing to accommodate other than stating that St. Mary "did not offer or provide reasonable accommodation." (Cmplt, p. 2). This is yet again another example of Reuhl using only a conclusory allegation in an attempt to buffer her claim, without any factual allegations in support. Again, Reuhl merely reciting a conclusory allegation that St. Mary did not provide Reuhl with a reasonable accommodation is insufficient to adequately plead an ADA claim.[3] She needs to provide some accompanying factual allegations of the grounds on which the claim rests. *Twombly*, 550 U.S. at 555, n. 3.

"Discriminated"

Finally, St. Mary takes issue with Reuhl's bald assertion that she was "discriminated against" in an attempt to plead her ADA claim. St. Mary argues that Reuhl failed to "recite the form, nature, extent, duration or time of such discrimination," and "fails to

---

[3] Again, even looking to the EEOC letter, it appears that St. Mary's offered Reuhl several equivalent positions, and that Reuhl was terminated after she stopped communicating with St. Mary, contrary to what Reuhl alleges. (Cmplt, p. 6).

recite any adverse employment action resulting from such purported discrimination." St. Mary is again correct that Reuhl cannot rely on mere labels. *Twombly*, 550 U.S. at 555. Instead, Reuhl must provides facts that would allow this Court to conclude that discrimination occurred.[4]

Even construing Reuhl's complaint as liberally as possible, there are no factual allegations that would allow this Court to find an ADA claim adequately pled against St. Mary.

CONCLUSION

For the above stated reasons, the Motion (DE #11) is **GRANTED**. The Clerk is **ORDERED** to **DISMISS WITHOUT PREJUDICE** Plaintiff's claims against the Defendant. The Clerk is **FURTHER ORDERED** to close this case.

DATED: April 30, 2014            /s/RUDY LOZANO, Judge
                                 **United States District Court**

---

[4] While it is clear from the EEOC letter that Reuhl suffered an adverse employment outcome when she was fired, what is not clear whether or not discrimination due to her unnamed prior injury was the reason behind the termination. In fact, the EEOC letter contradict the allegations in her complaint, as the EEOC letter states that St. Mary only fired Reuhl after she stopped communicating with St. Mary. (Cmplt, p. 6). There are simply no allegations to support the claim that Reuhl was discriminated against by St. Mary in violated of the ADA.